I'd like to reserve one minute for rebuttal, if I may. May it please the Court, my name is Peter Mayer, Counselor for the United States. You speak just a smidge louder, please. I'm Peter Mayer for the United States. This morning's appeal involves an appeal from an attorney fee award under the Equal Access to Justice Act. The case arose from a Federal Tort Claims Act action that was brought by the plaintiffs. The District Court awarded $230,000 in compensatory damages after trial, and ultimately awarded $917,000 in fees under the EJIP. We're appealing the award as an abuse of discretion, and the basis for our appeal is our belief that the District Court's conclusion that the United States litigated the merits of this case represented an instance of bad faith litigation by the United States. Counsel, I'd be interested in the government's thought on the appropriate remedy if a portion of the government's case was deemed to be in bad faith, but another portion was not. How does that fit in the totality of the circumstances guideline is an indicator that whether the United States litigated in bad faith has to be viewed in terms of the entire litigation? If the court answers that question affirmatively, then the next question becomes, what's the appropriate fee? And it seems to me that the United States should be liable in that instance only for the portion of the fee that was attributable to the litigation that was conducted in bad faith. So on a practical basis, Counsel, how would that work? Would the trial judge look at, okay, it took so many minutes out of the total trial time or out of the total amount of the litigation to litigate the portion that I deem to be in bad faith, and the other was not, and allocate it that way? Or how are you recommending that that be handled in court? Well, I think the district court did that in this instance, Judge Smith, or at least did something very close to it. If you may recall, the trial dealt not only with the FTCA action that the plaintiffs brought, but it also involved Bivens claims based on the same conduct that were brought against the individual officers. Initially, the district court awarded fees based on the entire litigation. And since the United States was not held liable for the individuals, weren't held liable under Bivens, the district court reconsidered that aspect of its award when it got to the fee award proper and reduced the amount of the fee based on the amount that was devoted to the Bivens claim. So from the government's perspective, the court has already properly allocated? No, I was simply talking about the approach that would be appropriate here. So the court took, the trial court took the right approach but got the wrong answer? Well, it took the right approach with respect to the Bivens portion of the suit versus non-Bivens portion of the suit, Judge Smith. We, of course, believe that the threshold issue, whether the government litigated the entire matter in bad faith, is what controls here. We don't believe it did. In answering that question, it seems to us that the critical issue was whether the government's litigation of the consent issue, whether the four IMS officers had consent before they entered, really is the pivotal question. Because if the government officers did have consent, it seems to me, it pretty much vitiates the tort claims that the plaintiffs brought. We believe the thing? I understand you don't have to have a winner, a winning defense to not be stuck with fees. I understand completely that you had people who would support the consent defense and put it on and she believes it or she doesn't believe it. In this case, she didn't believe it. I'm having a harder time understanding how the contributory negligence defense could and how that could possibly have been asserted in the case. The contributory negligence defense, Judge Silverman, is clearly weaker. I think if all the, but the important thing is that's really the tail on the dog in this case. In fact, I think the best way to look at the contributory negligence defense is that it's really just a recasting of the consent issue. It's basically based on the same facts, except instead of saying the officers had consent, they say in effect that it's sort of a fallback position. Well, even if they didn't have expressly received consent, then they were justified in their belief that they had consent based on the unclear conduct that occurred at the door and their negligence should be reduced by that much. Well, I guess that dovetails on Judge Smith's question. If we found that that defense was kind of ridiculous, let's just say, there was some time that the plaintiffs had to spend dealing with that, would they be entitled to compensation for that? I don't think so, but there's one factual matter that I want to point out that's relevant to that that I reviewed in terms of the district court's opinion. It's a first opinion on the fee award. It found that the government's bad faith here was with respect to defending the privilege issue and with respect to the consent issue. It dealt with contributory negligence only in a footnote. And there it says in effect the plaintiffs are saying the contributory negligence defense was bad faith too. The government denies that. I don't believe the government's defense has any merit. But he stopped short, she stopped short of saying that that too was bad faith. And I think that that may be important given the direction that the court's asking today. But I think the central question is bad faith when you look at the whole picture. If the answer to that is no, you really don't reach the subsidiary issues. If we're wrong about that, then it seems to me all you would get is bad faith EJF fees with respect to that issue. That would be kind of the analogous situation if you were looking at a district court's award of sanctions for bad faith litigation in the district court. And you have let's assume the filing of a frivolous motion, but there's no basis for it and the defense counsel knew it. Even though the defense counsel's general position might have been viable, you can see at least as a sanctions matter that a district court would have the power to award fees with respect to the frivolous motion. That's not our position, but it seems to me that's the most that you could, that's as far as you could possibly go here. Does the government agree that under Brown v. Sullivan, that if the trial court found bad faith in any significant part of the case, that there would be an award for the totality of the case? No, I don't think that's what Brown v. Sullivan says. If you think about it, it wouldn't make much sense. Let's assume you have bad faith at some sort of pretrial situation. Let's say a failure to permit discovery or the like. And then you go to trial. There's nothing that's problematic about what happens at trial. The notion that the antecedent bad faith in the pretrial mode sort of colors the whole case and you get attorneys used to the whole case, I don't think is what bad faith is all about. But shouldn't citizens of the United States be able to assume that their government will not litigate in bad faith as to any portion of the trial? I think that's a reasonable assumption. The question is whether here, after all, EJ, Judge Smith, is incorporating the common law. So the question is whether under common law, a district court could award attorney's fees in a similar situation. So the fact that the government can't be liable for fees under EJ bad faith under circumstances where a private party wouldn't be liable as well. Counsel, could you briefly discuss the privilege defense that was asserted? The government's privilege defense was that in a sense that the agents did enough in terms of their inquiries to have a reasonable suspicion that the individual they were seeking might be found there. It's important to note that that defense was, the privilege issue, was an essential element of the plaintiff's case on the cause of action for intentional infliction of emotional distress. So it was going to be litigated anyway. I think that the fact that the government had a colorable defense with respect to consent also affects analysis with respect to the secondary issue. We cited the Sentex case in the Federal Circuit for this proposition. If you've got a colorable defense that you're entitled to take the trial, the fact that you also issue or maintain a secondary defense that really isn't all that strong ought not to cause you to be found to be litigating in bad faith. Even if it's not strong at all, if it's frivolous, does Sentex protect you at that point? It seems to me that the frivolousness has to be, first of all, it's a very high standard. It's got to be something more than something that's awfully weak. But if it's frivolous, you shouldn't be able to waste their time just because you have a good defense to throw in six or eight ridiculous defenses and make them have to fight about that. If it's frivolous. But I guess the way we looked at it, Judge Silverman, is that when you've got one colorable defense, the standard of what applies, makes a secondary offense frivolous is very stringent. That is, if you're taking 90 percent of your time or 80 percent of your time or 50 percent of trial on one matter, you may be entitled, as litigators would say, to take a flyer on a defense that's not quite as strong without being held to be frivolous on that. I see my time for the entire morning has expired. I hope the Court will allow me rebuttal if it's necessary. Good morning, Your Honors. May it please the Court, my name is Gladys Limon. I'm a staff attorney with the Mexican-American Legal Defense and Educational Fund. I'm here representing Plaintiff Apeliz. Plaintiffs respectfully request that this Court affirm the fee-shifting determination made by the District Court in this exceptional case pursuant to the bad-faith exception under the common law as authorized by the Equal Access to Justice Act, or with your permission I will refer to it as EJA. Now, after presiding over this case for five years, the District Court made a finding of frivolously litigated this case based on three defenses and on the underlying conduct. Now the government practically concedes the underlying conduct, the privilege defense and the contributory negligence defense. I will address all four grounds. Now the government here cannot meet its high burden of showing that the District Court's findings were clearly erroneous. The District Court's findings were explicitly made in a well-reasoned decision that's well-supported by the evidence in the record. Now as this Court has recognized, those findings warrant great deference because the District Court heard the evidence from the very beginning and was in a much better position to distinguish between a good-faith litigation that is thin on evidence versus a litigation that is so lacking in legal or factual support it can only be in bad faith. She took into account, Judge Marshall did, what she called the pre-litigation conduct. That's correct. Is that a proper factor for her to consider? Judge Silverman, in this case, it is, in every case, it's a proper determination. The government does not dispute that. In this circuit, courts may properly make a bad-faith finding based upon the underlying conduct. The government's only complaint is that there was an over-reliance on the underlying conduct. However, as I stated, that was only one of four grounds upon which the District Court made the bad-faith determination. I don't quite get that. How can the judge use the underlying event to decide whether or not a fee should be awarded? This Court has stated that that is a proper, partial determination. This Court has reviewed the House report and Congressional intent that the underlying conduct should be considered if the bad-faith... For purposes of fees rather than compensatory damages? Yes, Your Honor. If the underlying conduct is so outrageous and clearly unlawful that the government should not have litigated at all, it may properly be a consideration. And in this case, as Judge Hopp had warned in 2002 during summary judgment, the District Court eventually found years later that the underlying conduct was so outrageous and clearly erroneous that it was in bad faith. The underlying conduct and the government's decision to litigate based upon that outrageous conduct. Counsel, is it your position that the consent defense was totally without merit? Yes, Judge Wallinson. The District Court found that the consent defense was reckless and frivolous. This is not a case where the government simply zealously advocated or where there were minor inconsistencies amongst the officer's testimony. It's not a case where there were contradictions between the plaintiff's testimony on the one hand and the government's officer's testimony on the other hand. It's not about a routine weight and credibility issue. Now, this is not an issue of first impression before this Court. The Ninth Circuit, Third Circuit, and Fourth Circuit have held that the non-credibility of witnesses may be a proper ground for frivolousness, determination, and the shifting of fees where the District Court finds that the attorneys should have known and should have anticipated that no trier fact would have found the evidence credible. Did the District Court find the officers were not credible on the consent issue? Yes, Your Honor. Where is that in the record? The District Court found it on ER-142, that's the order granting fees, 143-144. Again, in 142-144, and also in her order denying the motion for reconsideration, 152-144, and also in 152-150, she specifically stated that none of the officers testified to the same set of facts as to who asked for consent, who requested, who gave consent, and in what language. I guess if she believed them, the case would have come out the other way. Well, Your Honor, if she had believed the officers, the government would have won and you would have lost. Your Honor, if this had been a routine weight and credibility determination, that may have been the case. However, here... I'm saying I agree with you. I mean, she obviously didn't believe them or you wouldn't have won. Yes. Let's assume for a moment that, arguendo, that the privilege concept was in bad faith, but the consent, honest people can disagree about it, but the District Judge found otherwise. The District Judge found it was bad faith. Are we bound by the District Court's finding of bad faith with respect to the consent defense? Your Honor, I would submit that this Court is, it can and should affirm on those grounds. There's a very high standard here. This Court and the Supreme Court have stated that even if this Court were to have weighed the evidence differently, if it's convinced it would have weighed the evidence differently, it should affirm the District Court's determinations. What, based upon an abuse of discretion threshold, or... Clearly erroneous. Clearly erroneous, okay. And what is your position, Ms. Limon, if this Court found, for example, that the privilege defense was clearly in bad faith, but the consent was not so clear, under Brown v. Sullivan or any other authority, does the District Court have the ability under the Act and under the common law to award fees for the entirety of the portion, significant portion of litigation was tainted by bad faith? Yes, Judge Smith. Even if this Court were to disagree with consent defense, bad faith determination, there are three other grounds that were explicitly made. They were a significant part of this litigation. And as Your Honor stated, citizens should expect that the U.S. will not litigate at all in bad faith. But this Court, the Supreme Court and Congress contemplated the situation where a case, where some aspect of the case or some defenses or claims may be in good faith, but there are other claims that are significant to the entire litigation. Counsel, what's your response to opposing counsel's citation to syntax, which appears to say that the fact that you have weaker arguments combined with stronger arguments doesn't necessarily mean that you're acting in bad faith. What's your response to that argument? First, Your Honor, in syntax, the reason that district court refused to grant attorney fees in that case was because there were novel issues. There were novel issues at hand, and so in that case, there was an issue regarding arguments going to a new interpretation or an extension of the law. Here, there were no novel issues. Also, this Court in Townsend on Bonk rejected the all or nothing rule and stated that the key inquiry is to look at the significance of the bad faith determinations, the bad faith conduct in relation to litigation as a whole. This Court in Brown v. Sullivan also stated that the entire cost of litigation may be awarded if the fees are in some way traceable to the bad faith, regardless of whether some aspects may have been pursued in good faith. Now, here, the district court made four determinations of bad faith. The privilege defense, which was a central issue to the entire case. The contributory negligence defense, which was completely baseless. There was no basis in law. The government attempted to shift the burden over to the homeowners to say no or go. And again, the underlying conduct. Now, again, the government here cannot meet its very high burden of showing that these were clearly erroneous. There's a very high standard here. This Court and the Supreme Court have stated that EJA, like other fee-shifting statutes, favors treating the case as an inclusive whole. Now, the district court already made the determination, applied the proper standards, undertook the analysis, and made the findings required as stated by this Court, and specifically found that in ER 157, that no specific portions of litigation were not affected by the bad faith. If we were to conclude that, as to the consent portion, it was not in bad faith, what's the – what's your position as to whether the matter would have to be sent back to the district court, or is this something that we would resolve ourselves? Your Honor, I submit that it's something that should not be remanded back to district court. According to the Supreme Court, Commissioner of INS v. Gene, this Court's en banc holdings and Brown v. Sullivan as well, this Court can and should affirm on the three grounds they are significant to the entire litigation, they were frivolous and reckless, they were clearly in bad faith, and there is plenty of evidence in the record to support those findings. A remand would also undermine the well-known principles of judicial efficiency and finality. This case has been going on for over eight years. The district court already made the proper determinations under the proper standards, and it's well supported by the evidence, and there's no clear error. Thank you, Ms. Lamont. Thank you. Mr. Mayor, you used up all your time, and if you'll confine yourself to 30 seconds, we'll give you half a minute. Your Honor, let me just address this question that Judge Smith posed to opposing counsel. Should the court conclude that there is an entitlement to fees for litigating the privilege issue, I do think it has to be remanded back to the district court. Why is that? Because I don't believe that there's ever been any attempted allocation to the extent to which fees were attributable to that issue, and I don't believe that the record before this court would allow it to do it. Unless Brown v. Sullivan says that if any significant portion is tainted by bad faith, you can look at the totality, right? Well, that's right. Then we lose. There's no reason for any allocation. Now, if the court has no further questions for me, I'm prepared to see the case submitted to the court's disposition. Thank you, Ms. Lamont. Thank you as well. The case argued is submitted, Your Honor.
judges: Silverman, Rawlinson, Smith